UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

KEVIN YAGER
5111 Columbia Road
Medina, OH 44256

Case No.

    Plaintiff

Vs.

Chapter 7

DAWN L. YAGER
4482 Center Road
Brunswick, Ohio 44212

JUDGE:

JAMES LYNCH
5941 Decker Road
North Olmsted, OH 44070

    Defendants

ADVERSARY PROCEEDING PER BKR RULE 7001 (2)(6)(9)

1.    Dawn L. Yager, debtor and has filed a Chapter 7 bankruptcy, under Case No. 14-10918 Northern District of Ohio.

2.    Kevin Yager is a listed creditor who is the spouse of the debtor and they are presently engaged in a divorce action, Case No. 12 DR 0477, Medina County Court of Common Pleas, Domestic Relations Division, which has been stayed. See Exhibit A.

3.    Both parties live within the jurisdiction of the Court and Debtor/Defendant currently has a Chapter 7 bankruptcy pending.

4.    Defendant James Lynch is a lien holder by reason of a default judgment in Cuyahoga County Case No. CV-13-810822 and the validity, priority, or extent of his lien needs to be determined and a declaratory judgment is requested concerning the validity of his lien as the identical claim against Debtor's spouse has been dismissed as it must first be arbitrated or mediated. See Exhibit B.

5.    It would be improper for this Court to grant a discharge as to her spouse husband when marital obligations are yet to be determined in the State Court, per Title 11 U.S.C.A. section 523(5)(15).

6.    James Lynch asserts a lien by reason of a default judgment against marital property owned by Debtor and Plaintiff. Plaintiff requests that the Court determine that the lien placed is not valid as the contract clearly provided for "…the parties hereto shall

subsequently resolve their differences through arbitration or mediation.", Dawn L/ Yager is not stated as a promisor within the note although her signature does appear at the bottom of the note, a possible release of dower and the Court allow the trustee to proceed with an asset estate and appropriate payments to all creditors. See Exhibit C.

7. The State Court dismissed the lawsuit against Plaintiff as arbitration/mediation is a condition precedent, similar relief should be available to the Debtor. See Exhibit D.

Wherefore, Plaintiff requests that declaratory judgment granted to remove the lien, determine the validity or extent of James Lynch's lien and prevent discharge of obligations of Debtor to Creditor/Plaintiff.

*S/ L. Ray Jones*
L. Ray Jones #0011508
Attorney for Kevin Yager
PO Box 592
Medina, Ohio 44258
330-722-1234
Fax: 330-723-7777
attyrayjones@yahoo.com

IN THE COURT OF COMMON PLEAS
DIVISION OF DOMESTIC RELATIONS
MEDINA COUNTY, OHIO

2014 APR -8 AM 10: 54

| | |
|---|---|
| DAWN L. YAGER, | CASE NO. 12DR0477 |
| Plaintiff, | |
| vs. | JUDGE MARY R. KOVACK |
| KEVIN A. YAGER, | JUDGMENT ENTRY |
| Defendant. | |

This case is before the Court on Defendant's *Ex Parte* Motion to Modify Child Support and Motion to Terminate Temporary Alimony filed on March 5, 2014. This case is stayed due to a pending bankruptcy. Thus, this Court will not proceed unless and until the bankruptcy court issues relief from the automatic stay. This matter will remain on the inactive docket until the Court receives notice that the bankruptcy stay is lifted.

**IT IS SO ORDERED.**

_____
JUDGE MARY R. KOVACK

cc: David McArtor, Esq., Counsel for Plaintiff
L. Ray Jones, Esq., Counsel for Defendant


PLAINTIFF'S EXHIBIT 4

81885412

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

JAMES M LYNCH ET AL
Plaintiff

KEVIN YAGER ET AL
Defendant

Case No: CV-13-810822

Judge: BRENDAN J SHEEHAN

## JOURNAL ENTRY

92 DEFAULT - PARTIAL

PLAINTIFF(S) JAMES M LYNCH(P1) AND MARJORIE J LYNCH(P2) MTN FOR DEFAULT JUDGMENT, FILED 09/09/2013, IS GRANTED.

DEFAULT HEARING HELD. PLAINTIFF COUNSEL PRESENT. DEFENDANT DAWN YAGER AKA DAWN L. YAGER AND/OR COUNSEL FAILED TO APPEAR AFTER BEING NOTIFIED. MOTION FOR DEFAULT JUDGMENT IS GRANTED. JUDGMENT FOR PLAINTIFF AND AGAINST DEFENDANT DAWN YAGER AKA DAWN L. YAGER IN THE AMOUNT OF $87,607.88 PLUS STATUTORY INTEREST AND THE COSTS OF THIS ACTION.

*/s/ Brendan J Sheehan*

Judge Signature  11/15/2013

**PLAINTIFF'S EXHIBIT 13**

PROMISSORY NOTE    $93,061.00

Be it known that on the 27th day of January, 2011 Kevin Yager(married and hereinafter promissor) , promises to pay to the order of James M. Lynch and Marjorie J. Lynch, Trustees, or their successors in trust, under the JAMES M LYNCH LIVING TRUST, dated January 23, 1992 (hereinafter the Trust) the principle sum of Ninety Three Thousand and sixty one Dollars (($93,061.00)) with interest thereon of FIVE Percent (5%) per annum amortized for twenty/years for the property known as 13621 Puritas Avenue Cleveland, Ohio 44135.Permanent Parcel Number 023 20 002.This loan shall be repaid in equal instadjustments of principal and interest in the sum of Six Hundred and Fourteen dollars and sixteen cents ($ 614.16 ) commencing on the 1st day of February 2011 and continuing on the first day of each month thereafter for a period of five years equalling sixty (60) monthly payments.  At the end of these five years on February 1, 2016, a balloon payment of the principal amount shall be due the Trust from the promissor in the sum Seventy Seven Thousand Six Hundred Sixty Four Dollars and Three cents ($77,664.03). Failure of the Promissor to render a monthly payment to the Trust by the fifteenth day of any month shall result in a late charge of Fifty Dollars in addition to the monthly payment due. Delinquency of more than two consecutive monthly payments, or three payments overall, shall at the option of the Trust, be a breach of the purchase, financing, and mortgage of the sale of this property, and said property shall, at the option of the Trust, be foreclosed on. Failure of the Promissor to render to the Trust the above-mentioned balloon payment upon it's due date shall result in a breach of the purchase, financing and mortgage of said property and PROMISSOR AGREES TO IMMEDIATELY QUIT CLAIM SAID PROPERTY BACK TO THE TRUST AND TIME, PARTIES HERETO SHALL SUBSEQUENTLY RESOLVE THEIR DIFFERENCES THROUGH ARBITRATION OR MEDIATION IN THE SOLE DISCRETION OF THE TRUST. Promissor further agrees that upon his failure to immediately provide the Trust with a Quit Claim Deed, that this promissory note may be filed in lieu thereof as and/or a Quit Claim Deed transferring said property back to the Trust until the matter is arbitrated or mediated.

Date 6-16-11    Signed *Kevin A Yager*

EXHIBIT "A"

PLAINTIFF'S EXHIBIT C

mailed 2/14/14 to client

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| JAMES M. LYNCH, *et al.*, | ) | CASE NO. CV 13 810822 |
| Plaintiffs, | ) ) ) | JUDGE BRENDAN J. SHEEHAN |
| v. | ) ) | |
| KEVIN YAGER, *et al.*, | ) ) | **OPINION AND JUDGMENT** |
| Defendants. | ) ) | **ENTRY** |

## I. FACTS AND ISSUES PRESENTED.

This matter is before the Court on Defendant Kevin Yager's Motion to Dismiss and Plaintiffs James M. Lynch's and Margorie J. Lynch's, as Trustees under The James M. Lynch Living Trust (the "Trust"), Motion for Summary Judgment. The issues have been fully briefed to the Court.

It is undisputed that on or about June 16, 2011, Defendants Kevin Yager and Dawn Yager executed a promissory note (the "Note"). The Note provides that Defendants were to pay the Trust the principle sum of $93,061.00 with interest at 5% per annum related to property located at 13621 Puritas Avenue, Cleveland, Ohio. The Note was to be repaid in equal installment of $614.16 for sixty months with a balloon payment of $77,664.03 to be paid on February 1, 2016.

In the event of default, the Note provides:

> Delinquency of more than two consecutive monthly payments, or three payments overall, shall at the option of the Trust, be a breach of the purchase, financing, and mortgage of the sale of this property, and said property shall, at the option of the Trust, be foreclosed on. Failure of the Promissor to render to the Trust the above mentioned balloon payment upon it's [sic] due date shall

**PLAINTIFF'S EXHIBIT D**

> result in a breach of the purchase, financing and mortgage of said property and PROMISSOR AGREES TO IMMEDIATELY QUIT CLAIM SAID PROPERTY BACK TO THE TRUST AND THE PARTIES HERETO SHALL SUBSEQUENTLY RESOLVE THEIR DIFFERENCES THROUGH ARBITRATION OR MEDIATION IN THE SOLE DISCRETION OF THE TRUST. Promissor further agrees that upon his failure to immediately provide the Trust with a Quit Claim Dee, that this promissory note may be filed in lieu thereof an and for a Quit Claim Deed transferring said property back to the Trust until the matter is arbitrated or mediated.

Note, Ex. A to Complaint.

It is also undisputed that Defendants made payments totaling $13,511.52 on the Note. Defendants seek dismissal of this action based upon the arbitration provision in the Note. Plaintiffs respond that the arbitration provision provides for the discretion of the Trust and it is not applicable to the current case because the Trust chose to pursue litigation.

Plaintiffs seek summary judgment based on Defendants' admitted failure to pay the amount due under the Note. Defendants oppose summary judgment on the grounds that Plaintiffs have failed to account for a transfer of possession of the property that they claim should be in a foreclosure action.

II. LAW AND ANALYSIS.

Under Ohio law, arbitration provisions are favored and are generally enforceable:

> (A) A provision in any written contract, except as provided in division (B) of this section, to settle by arbitration a controversy that subsequently arises out of the contract, or out of the refusal to perform the whole or any part of the contract, or any agreement in writing between two or more persons to submit to arbitration any controversy existing between them at the time of the agreement to submit, or arising after the agreement to submit, from a relationship then existing between them or that they simultaneously create, shall be valid, irrevocable, and enforceable,

2

except upon grounds that exist at law or in equity for the revocation of any contract.

R.C. 2711.01.

In reviewing the terms of the contract, "[c]ommon words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results or unless some other meaning is clearly evidenced from the face or overall contents of the instrument." *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241, 374 N.E.2d 146, paragraph two of the syllabus (1978).

In this case, Plaintiffs' use of the phrase "until the matter is arbitrated or mediated" when considered in its ordinary meaning and in light of the overall contents of the Note, is sufficiently clear to permit the Court conclude the parties intended their disputes to be resolved through mediation or arbitration exclusively. Plaintiffs' efforts to construe "until the matter is arbitrated or mediated" to also include litigation adds a meaning to the Note which does not appear on the face or in the overall contents of the contract. *Lawrence R. Barker Co. v. Overseas Development Corp.*, 64 Ohio App. 3d 545, 548, 582 N.E.2d 27 (8th Dist. 1989).

The parties expressly agreed to arbitration or mediation in the sole discretion of the Trust. A plain reading of the Note, including the final provision that the Quit Claim Deed would be held until resolution by mediation or arbitration, demonstrates that the discretion of the Trust is limited to choosing either mediation *or* arbitration.[1]

III. CONCLUSION.

For the foregoing reasons, the Court finds that the parties agreed in writing to resolve disputes related to the Note by arbitration or mediation.

---

[1] Agreements to refer matters to "binding mediation" have been construed similar to clauses requiring binding arbitration. See, e.g. *Taylor Bldg. Corp. of Am. v. Benfield*, 117 Ohio St. 3d 352, 2008-Ohio-938, 884 N.E.2d 12, *Viock v. Stowe-Woodward Co.*, 13 Ohio App.3d 7, 12, 467 N.E.2d 1378 (6th Dist.1983).

3

DEFENDANT KEVIN YAGER'S MOTION TO DISMISS IS GRANTED AND PLAINTIFFS JAMES M. LYNCH'S AND MARGORIE J. LYNCH'S, AS TRUSTEES UNDER THE JAMES M. LYNCH LIVING TRUST, MOTION FOR SUMMARY JUDGMENT IS DENIED.

The dismissal shall be without prejudice to allow the parties to seek confirmation of the arbitrators' or mediators' decision upon the completion of alternate dispute resolution.

**IT IS SO ORDERED.**

_____
JUDGE BRENDAN J. SHEEHAN

Dated: 2·7·14

CERTIFICATE OF SERVICE

A copy of the foregoing was mailed and faxed to the following this _____ day of February, 2014:

S. Robert E. Lazzaro
13317 Madison Avenue
Lakewood, OH 44107

Fax: 216-226-4712


L. Ray Jones
P.O. Box 592
Medina, OH 44258

Fax: 330-723-7777